United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| AGAPITA LAO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 12-11481-NMG |
| | ) | |
| SUPERINTENDENT GARY RODEN, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This habeas petition arises out of the conviction of petitioner Agapita Lao ("Lao") for first-degree murder on June 16, 2009 in Massachusetts Superior Court.

**I.  Background**

   **A.  State Court Proceedings**

In June, 2000, Lao was indicted for the murder of his estranged wife. He was tried and convicted of first-degree murder in 2002 and sentenced to life in state prison. The Supreme Judicial Court of Massachusetts ("SJC") affirmed his conviction in 2005. In 2007, however, it granted his application for further appellate review and a new trial after finding that his trial counsel's failure to object to the admission of testimonial hearsay that violated the Confrontation

Clause created a substantial risk of a miscarriage of justice. Commonwealth v. Lao, 877 N.E.2d 557 (Mass. 2007).

A jury convicted Lao of deliberately premeditated first-degree murder following a second trial in June, 2009 and he was again sentenced to life in state prison. In June, 2011, the SJC affirmed his conviction upon finding, inter alia, that the claims asserted in the instant petition lacked merit.

### B. Federal Court Proceedings

In August, 2012, Lao filed a Petition for Relief from a Conviction or Sentence by a Person in State Custody in federal district court pursuant to 28 U.S.C. § 2254. The instant petition challenges his state court conviction on the grounds that 1) the trial judge's refusal to instruct the jury on the so-called Bowden defense violated the Due Process Clause and his Sixth Amendment right to present a complete defense and 2) the judge's instructions on deliberate premeditation unconstitutionally lowered the Commonwealth's burden of proof by conflating deliberation and premeditation and failing to define deliberation separately.

## II. Legal Analysis

### A. Habeas Standard

A federal court sitting in habeas corpus is not tasked with re-examining state-court determinations of state-law issues but rather "is limited to deciding whether a conviction violated the

Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Factual findings made by state courts on direct review are therefore entitled to a presumption of correctness and interpretations of state law are binding. 28 U.S.C. § 2254(e)(1); Bradshaw v. Richey, 546 U.S. 74, 76 (2005).

Where, as here, the basis for a petitioner's application for a writ of habeas corpus was adjudicated on the merits in state court, the petition will be granted only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established Supreme Court precedent if "the state court applies a rule that contradicts the governing law set forth" in Supreme Court cases or if the facts before the state court are

> materially indistinguishable [from a Supreme Court decision but the state court] nevertheless arrives at a [different] result.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A decision represents an "unreasonable application" of Supreme Court

-3-

precedent if the state court "identifies the correct governing legal rule ... but unreasonably applies it to the facts" of the particular case. Id. at 407-08. In both instances, the applicable legal principle must be clearly established in a holding by the Supreme Court and cannot appear in dicta or be based upon the holdings of lower federal courts. Id. at 412.

**B.   Refusal to Instruct Jury on Bowden Defense**

Lao contends that the state court trial judge violated his right to present a complete defense under the Sixth Amendment and the Due Process Clause by denying his request to instruct the jury that it could consider the fact that the police investigating the murder of his wife failed to conduct certain forensic tests or follow certain police procedures as raising a reasonable doubt as to Lao's guilt. The instruction is based upon the holding of Commonwealth v. Bowden, 399 N.E.2d 482, 491 (Mass. 1980), that it is reversible error to instruct a jury that it may not consider the failure of authorities to conduct certain scientific tests. The Bowden opinion explains that the government's failure to conduct certain tests is a permissible defense and the subject instruction invaded the province of the jury to draw its own inferences from the evidence. Id.

In affirming the trial court's refusal in this case to instruct the jury that it could consider the failure to conduct

-4-

certain tests in assessing whether the government proved its case beyond a reasonable doubt, the SJC explained that

> Bowden does not create a "defense" in the sense that it creates an element of proof that the Commonwealth must prove or disprove beyond a reasonable doubt, such that a particular instruction is required. Bowden merely recognizes that a defendant is entitled to present evidence that "certain tests were not conducted or certain police procedures were not followed [that] could raise a reasonable doubt as to the defendant's guilt in the minds of the jurors." Defense counsel presented such evidence, and he argued the absence of various tests and the failure to seize certain items of physical evidence as matters demonstrating inadequacies of the investigation. He did what Bowden permitted him to do, but Bowden requires nothing more. The judge's instructions on credibility and reasonable doubt were adequate, and they allowed the defendant the opportunity to present fully this factual issue to the jury. There was no error.

Commonwealth v. Lao, 948 N.E.2d 1209, 1218 (Mass. 2011) (quoting Bowden, 399 N.E.2d at 486).

As an initial matter, the Court disagrees with respondent that Lao's claim attacks a state court decision on a matter of state law. See Estelle, 502 U.S. at 67-68. Lao argued before the SJC that the trial court's failure to provide his requested Bowden instruction violated his federal constitutional right to present a complete defense. The SJC rejected that argument, stating that the Lao's "reliance on Federal cases is misplaced" because Bowden does not create a defense or require a particular instruction. Lao does not contend that, in so holding, the SJC misapplied Massachusetts law; instead, he argues that

-5-

Massachusetts case law that holds that Bowden instructions are discretionary with the trial court is contrary to and an unreasonable application of clearly established Supreme Court precedent. To that extent, his claim is properly before this Court under 28 U.S.C. § 2254(d).

The Court disagrees with Lao, however, that the SJC's ruling was contrary to and involved an unreasonable application of clearly established Supreme Court precedent. The Supreme Court has held that the Due Process Clause and the Sixth Amendment require that a criminal defendant "be afforded a meaningful opportunity to present a complete defense." Holmes v. South Carolina, 547 U.S. 319, 324 (2006); California v. Trombetta, 467 U.S. 479, 485 (1984). Furthermore, it has endorsed the

> general proposition [that] a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor.

Mathews v. United States, 485 U.S. 58, 63 (1988). Finally, the Supreme Court has acknowledged that some defenses, such as duress, "negate[] a conclusion of guilt" but do not disprove any of the elements of a crime. See, e.g., United States v. Dixon, 548 U.S. 1, 7 (2006).

Lao argues that the SJC's ruling is contrary to and misapplies that precedent by narrowing the definition of defense to include only those that

> create[] an element of proof that the Commonwealth must prove or disprove beyond a reasonable doubt.

That argument is a red herring.  Regardless of whether the SJC's definition of "defense" is accurate, there is no clearly established Supreme Court precedent holding that a trial court must instruct a jury on a criminal defendant's specific theory as to why it should regard the government's case with skepticism or find that it has not proven him guilty beyond a reasonable doubt.  Moreover, defense counsel had ample opportunity to present Lao's theory of the case through cross-examination of police officers who investigated the crime and in his closing argument to the jury and the trial judge instructed the jury on the reasonable doubt standard and its role in assessing witness credibility.  Under the circumstances, that was all that clearly established Supreme Court precedent required. See Holmes, 547 U.S. at 324; Mathews, 485 U.S. at 63.

C.  **Jury Instruction on Deliberate Premeditation**

Lao also contends that the trial court's instructions on the meaning of deliberate premeditation, which followed the Massachusetts Model Jury Instructions on Homicide,

unconstitutionally lowered the burden of proof by conflating deliberation and premeditation.

The challenged instructions were that

> [f]or the Commonwealth to prove deliberate premeditation, the Commonwealth must prove that the defendant thought before he acted. That is, the defendant decided to kill after deliberation. The element of deliberation, however, does not require an extended time span, nor does it mean that deliberation must be accomplished slowly. Rather, it refers to the purposeful character of the premeditation. Deliberation may be a matter of days, hours or even seconds. It is not so much a matter of time as of logical sequence. First, the deliberation and premeditation, then the decision to kill, and lastly the killing in furtherance of the decision. All of this may occur within a few seconds. However, deliberate premeditation excludes actions that are taken so quickly that there is no time to reflect on the action and then decide to do it. The Commonwealth must show that the defendant's resolution to kill was at least for some short period of time the product of reflection.

Lao argued in his appeal to the SJC that those instructions failed to distinguish between deliberation and premeditation or to define those concepts correctly and that the error violated his right to due process by eliminating an element of the crime. In particular, he contended that the challenged instruction should have defined deliberation according to the common law as "a dispassionate weighing process and consideration of consequences before acting." The SJC did not address Lao's federal constitutional arguments in summarily rejecting his

argument on the grounds that his preferred instruction was not required as a matter of state law.

Lao now argues that the failure to give his preferred instruction violated his due process rights because Massachusetts requires the prosecution to prove beyond a reasonable doubt that a defendant weighed the pros and cons of proceeding with the plan to kill, "critically evaluated" the consequences of his planned action or engaged in "cool reflection". He attributes that requirement to language in several SJC cases and to the common law definition of first-degree murder. See, e.g., Commonwealth v. Gibson, 675 N.E.2d 776, 779 (Mass. 1997) (internal citations omitted). He also relies upon two cases from the Ninth Circuit Court of Appeals awarding habeas relief to defendants convicted of first degree murder in Nevada based upon jury instructions that defined "willful, deliberate and premeditated killing" only in terms of premeditation. Chambers v. McDaniel, 549 F.3d 1191 (9th Cir. 2008); Polk v. Sandoval, 503 F.3d 903 (9th Cir. 2007).

Assuming without deciding that the SJC's failure to address Lao's constitutional arguments expressly warrants de novo review, see DiBenedetto v. Hall, 272 F.3d 1, 6-7 (1st Cir. 2001), the Court is unconvinced that Lao states a claim to relief under federal law. Instead, his argument is nothing more than an attempt to federalize a state law issue that has already

-9-

been resolved by the SJC's express rejection of his preferred instruction. See Commonwealth v. Nardi, 893 N.E.2d 1221, 1236 (Mass. 2008) (citing Commonwealth v. Roberts, 740 N.E.2d 176, 187 n.11 (Mass. 2000)). A federal habeas petition is not the proper vehicle with which to challenge a state court's interpretation of the requirements of state law, Estelle, 502 U.S. at 67-68, and, in any event, the subject instruction is consistent with the Massachusetts cases upon which Lao relies, see, e.g., Commonwealth v. Davis, 531 N.E.2d 577, 582 (Mass. 1988) (stating that the "cool reflection" required for deliberate premeditation requires that "the purpose be resolved upon and the mind determined to do it before the blow is struck").

The Ninth Circuit cases that hold that Nevada courts unconstitutionally conflated the definitions of determination and premeditation are also inapposite. They were decided shortly after the Nevada Supreme Court held that the instruction collapsing determination and premeditation was defective. According to the Ninth Circuit, the Nevada Supreme Court's refusal to apply that holding retroactively was contrary to clearly established Supreme Court precedent holding that it is unconstitutional to instruct the jury in a way that "relieve[s] the State of the burden of persuasion on an element of an offense." Polk, 503 F.3d at 911 (citing Francis v. Franklin, 471

U.S. 307, 313-14 (1985), Sandstrom v. Montana, 442 U.S. 510, 520-24 (1979) and In re Winship, 397 U.S. 358, 364 (1970)). Here, the SJC has held, and this Court agrees, that the challenged instructions correctly state the required elements under Massachusetts law.

## ORDER

For the foregoing reasons, the petition of Agapita Lao for a writ of habeas corpus (Docket No. 1) is **DENIED** and the action is **DISMISSED**. The Court furthermore **DENIES** a Certificate of Appealability to petitioner pursuant to 28 U.S.C. § 2253(c)(2).

**So ordered.**

/s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated June 17, 2014